# **HANG & ASSOCIATES, PLLC**
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

April 20, 2016

JIAN HANG, ESQ.
Tel : (718) 353-8588
Cell: (718) 350-9308
Fax: (718) 353-6288
Email: jhang@hanglaw.com

**VIA ECF**
Hon. Cheryl L. Pollak
United States Magistrate Judge
225 Cadman Plaza East
Courtroom 13B South
Brooklyn, NY 11201

    Re:      Xiong v. Lao Ma Ma La Tang Incorporated et al
               EDNY #1:15-cv-05928

Dear Judge Pollak:

      Plaintiff's counsel, along with Defendants' counsel, request that your Honor approve the settlement reached in this matter. A copy of the signed settlement agreement is annexed herein as Exhibit A.

      This is an action by a single plaintiff for alleged unpaid wages, overtime and spread-of-hours pay brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq. and the New York Labor Law ("NYLL"). Plaintiff also seeks statutory damages based on Defendants alleged failure to provide certain notices that are required under the NYLL. Plaintiff alleges that she was formerly employed as a food-preparer in Defendants' Flushing food stand from September 23, 2013 through July 05, 2015, Plaintiff first worked less than forty (40) hours per week. Starting from February 2014, Plaintiff always worked more than 40 hours with weekly work hours ranges from fifty-five (55) in a five-day workweek to sixty (60) hours to sixty-three and a half (63.5) hours in a six-day work week. Plaintiff claims that Defendants failed to pay overtime in accordance with FLSA and NYLL.

      Based on the allegations in the Complaint, the Plaintiff initially calculated that had her prevailed at trial on all of her claims, she could have recovered approximately $77,481.05 in actual damages and penalties for overtime, spread of hours wages and wage notice violations. If Defendants prevailed on just their stronger defenses, they claim that Plaintiff would not be entitled to any damages at all. The gross settlement amount is $20,000 and the parties' settlement provides that this amount will include all attorneys' fees and costs. This reflects a

reasonable compromise between the parties' vastly different claims. Given the sharp divisions in the parties' version of events, the fact that all trial witnesses would have an interest in the outcome and the limited documentary evidence available, this range of recovery is reasonable. In addition the foregoing settlement was reached with the assistance of Magistrate Judge Pollak after a one hour and half settlement conference.

Court approval of an FLSA settlement is appropriate "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes.*" Johnson v. Brennan*, No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (*citing Lynn's Food Stores, Inc. v. United States*, 679, F.2d 1350, 1353 n. 8 (11th Cir. 1982)).

The settlement agreement reached by the parties is fair. Although Plaintiff's recollection of her hours is sufficient to prove the hours that she worked and the wages she received, *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute, Portal-to Portal Act of 1947, 29 U.S.C. §216(b) (2006), as recognized in *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 590 (2d Cir. 2007), her recollection is not binding on the fact finder. Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to her claimed hours. The fact that the matter is being resolved by way of settlement also eliminates the burden and uncertainty of collection proceedings.

**Attorney's Fees**

Our settlement agreement also provides for reasonable attorney's fees. Pursuant to our firm's retainer agreement with the Plaintiff (See Exhibit B), the firm will be reimbursed for approximately $600 of its out of pocket expenses, and will retain 40% of the settlement amount of $19,400 as attorneys' fees, for a total amount of attorneys' fees and costs of $8,360, as set forth in Section 3 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees. While attorney's fees in a FLSA settlement are subject to Court approval, *See* 29 U.S.C. §216(b); *Cisek v. National Surface Cleaning, Inc.,* 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (reviewing attorney's fees agreed to in settlement for reasonableness), "[t]he FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claims for wages, and not to ensure that the employee does not overcharge the employer." *Dail v. George A. Arab Inc.,* 391 F.Supp.2d 1142, 1146 (M.D.Fla.2005) (approving settlement providing for $10,600 in attorney's fees and $6,400 in owed wages to plaintiff). Furthermore, "[t]he reasonable hourly rate is the rate a paying client would be willing to pay." Imbeault v. Rick's Cabaret Intern Inc., RCI Entertainment (New York) Inc., Peregrine Enterprises, Inc., No. 08 Civ 5458(GEL), (2009 WL 2482134), citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2009). This rate should be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 232 (2d Cir. 2006)

We have enclosed a true and correct copy of the contemporaneous time records kept by firm in connection with this matter. (See Exhibit C). All of time billed was reasonably necessary to secure the results we have achieved for our client thus far. Generally, Hang & Associates,

2

PLLC represents both plaintiffs and defendants with respect to litigating claims arising out of the employment relationship, including claims relating to employment discrimination, wage and hour issues, and contact disputes. While the majority of our plaintiff-side work is contingency based, we typically calculate our attorney fees based on our hourly rate. The traditional hourly billing rates for Jian Hang, Principal Attorney is $350.  The traditional hourly billing rates for Associates is $250.  I respectfully submit that my 10 years of experience and the fact that my practice focuses primarily on employment law, with a significant percentage devoted to wage and hour litigation in particular, warrants the hourly rates that we seek.  We spent over 45 hours on this matter, which amounts to a total of $16,117.5 with costs and fees, but are only requesting $8,360 in this settlement agreement.  The number of attorney hours represented in the attorney worksheet is reasonable and represents hours that were necessarily expended on this litigation.

       Given the conflicting evidence, the quality of the evidence and counsel and the allocation of the burden of proof on Plaintiff, the settlement represents a reasonable compromise with respect to contested issues.  It should be approved.  *See Reyes v. Altamarea Group, LLC*, 10-cv-6451 (RLE), 2011 WL 4599822 at * 6 (S.D.N.Y. Aug. 16, 2011) (Ellis, M.J.).

                            Respectfully submitted,

                            /s/   Jian Hang
                            Jian Hang, Esq.